# GEORGE RAY

*v.*

# GURDON F. BULLOCK.

1. NEW TRIAL—*verdict against the evidence.* The rule is well established, that where the verdict of the jury is manifestly against the evidence considered as a whole, a new trial will be granted.

APPEAL from the Circuit Court of Woodford County; the Hon. S. L. RICHMOND, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. HOPKINS & CHITTY, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

A suit was brought by Gurdon F. Bullock against George Ray, before a justice of the peace, to recover for services in herding cattle, during the summer of 1866. A trial was had, and an appeal prosecuted to the Woodford Circuit Court. At the April term, 1867, a trial was had, resulting in a judgment in favor of plaintiff. Defendant has prosecuted an appeal, and brought the record to this court to reverse that judgment.

On the trial in the court below, it appeared from the evidence, that in the spring of 1866, appellee was engaged in herding cattle for various persons. A contract was entered into between the parties, that appellee should receive appellant's cattle, take care of, and graze them through the summer, and return them in the next autumn, for which appellant was to pay him one dollar and fifty cents each. It was also agreed that appellee was to pay for any which he might fail to return, except those which should die while in his possession. Under

this contract, appellee received fifty-seven head, fifty-five belonging to appellant, and two to a neighbor, but marked with appellant's brand.

On their being returned in the fall, there were three head of the cattle missing. It however, appears, that appellant then claimed but fifty-five, including Painter's, which were returned, and appellee claimed that there were but fifty-five in all, and he offered to return a yearling steer to appellant in his yard, but he declined to receive it, as he believed it was not his; the next morning he concluded it was his, but when they came to look for it in the herd, it could not be found. Other persons had in the mean time, been selecting and taking theirs from the herd. Appellant claims that the value of these missing cattle should be allowed as a set off against appellee's account, and that he should recover the balance above a sum sufficient to satisfy appellee's claim.

We think the evidence satisfactorily shows, that appellee received fifty-seven head, and actually returned but fifty-four; and it would seem the two older steers were not returned or offered to be returned. Nor do we discover any evidence from which it may be reasonably inferred, that these cattle were lost by reason of any negligence on the part of appellant. It is not, nor can it be successfully, claimed that the property in these two steers, vested in appellee, because appellant was mistaken in the number he claimed to have placed in the hands of appellee. There was some evidence tending to show that he still had one of the steers, and that he had delivered the other to Husher, as one of his, which had been in the same herd. When all of the evidence in the case is considered, we think it does not sustain the verdict, and that it should be passed upon by another jury. As to the yearling steer, it is a question for the jury to determine, whether it was lost by the acts of appellant. If they so find, they would not, as a matter of course, allow appellant for its value, if an offer to return it is proved

to have been made before the loss occurred. The judgment of the court below is reversed and the cause remanded.

. *Judgment reversed.* '